**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDRAE PHILLIP MILLER,          :
                                          Civil Action No. 10-5679 (PGS)
          Petitioner,           :

     v.                         :     **OPINION**

ROY HENDRICKS, et al.,          :

          Respondents.          :

**APPEARANCES:**

Petitioner pro se
Andrae Phillip Miller
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105


**SHERIDAN**, District Judge

   Petitioner Andrae Phillip Miller, an alien detainee currently confined at Essex County Correctional Facility in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave

---

[1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the
   Supreme Court, any justice thereof, the district courts
   and any circuit judge within their respective
   jurisdictions.
   (c) The writ of habeas corpus shall not extend to a
   prisoner unless-- ... (3) He is in custody in violation
   of the Constitution or laws or treaties of the United
   States ... .

to proceed in forma pauperis.[2] The respondents are Warden Roy Hendricks, immigration officials Scott A. Weber and John T. Morton, Department of Homeland Security Secretary Janet Napolitano, and Attorney General Eric Holder.

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed. See 28 U.S.C. § 2243.[3]

## I.  BACKGROUND

Petitioner asserts that he is a citizen of Jamaica, who entered this country on September 21, 2000, and overstayed his visa.

In 2006, Petitioner was convicted in North Carolina of giving false information on a driver's license application. Also in 2006, Petitioner was arrested and convicted of simple assault. Petitioner was ordered removed on October 12, 2006, for overstaying his visa and working without a permit.

Petitioner was taken into custody by immigration officials on May 18, 2010. In this Petition, dated November 1, 2010, Petitioner challenges his prolonged detention in lieu of removal.

---

[2] Petitioner's application for leave to proceed in forma pauperis is deficient in that it fails to detail his assets and liabilities. Because the Petitioner is dismissible on its face, however, this Court will not require Petitioner to amend the application at this time.

[3] Petitioner has also submitted an application for appointment of counsel, which will be denied as moot.

Petitioner's custody was reviewed in August 2010, and he was ordered to remain in custody pending removal because of his assault conviction. Here, Petitioner also challenges the custody review procedures of the Bureau of Immigration and Customs Enforcement, contending that he is entitled to an adversary hearing before a neutral decisionmaker.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See

Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
>
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
>
> (b) Upon waiver of appeal by the respondent;
>
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;[4]
>
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;

---

[4] The referenced appeal period is thirty days. See 8 C.F.R. § 1003.28(b).

> (e)  If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days.  If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1.

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

The alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing.  Zadvydas, 533 U.S. at 699-701.  But see 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents

necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.")

Finally, to state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired. See, e.g., Akinvale v. Ashcroft, 287 F.3d 1050, 1051 (11th cir. 2002); Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. ga. 2002); Monpremier v. Chertoff, 2007 WL 909575 (N.D. Fla. March 21, 2007).

Here, Petitioner does not state whether he appealed the order of removal, waived his appeal rights, or simply allowed the appeal period to expire. The order of removal may have become final on October 12, 2006, if Petitioner waived his appeal rights, or it may not be final yet.[5] Assuming that Petitioner's order of removal became final before he was taken into immigration custody on May 18, 2010, his custody nevertheless was presumptively reasonable, under Zadvydas, through November 18, 2010. This Petition, dated November 1, 2010, and received by this Court the same day, is premature and will, therefore, be dismissed without prejudice.

---

[5] A search of the federal courts' PACER system has revealed no other cases filed by Petitioner. Similarly, a Westlaw search of decisions of the Board of Immigration Appeals has revealed no decisions involving Petitioner.

In addition, Petitioner has failed to assert any facts suggesting that his removal is not reasonably foreseeable. Instead, he bases his claim solely upon the passage of time.

Federal courts disagree as to the extent to which the passage of time can suffice to meet the alien's burden. Compare Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1365-68 (N.D. Ga. 2002) (mere passage of time insufficient to meet alien's burden of proof), with Seretse-Khama v. Ashcroft, 215 F.Supp.2d 37, 48-54 (D.D.C. 2002) (continued detention for over three years, coupled with eight-month delay since INS last contacted destination country, suffices to meet alien's burden); Lema v. U.S. I.N.S., 214 F.Supp.2d 1116, 1118 (W.D. Wash 2002), aff'd on other grounds, 341 F.3d 853 (9th Cir. 2003) (where destination country's lack of response to request for travel documents is combined with INS inability to explain silence and absence of any indication that situation may change, continued detention would be unreasonable but, where destination country's failure to respond suggests nothing more than "bureaucratic inertia," removal remains "foreseeable").[6]

---

[6] See also Kacanic v. Elwood, 2002 WL 31520362 (E.D. Pa. 2002) (passage of one year, coupled with inaction of foreign embassy and INS admission that efforts to obtain travel documents have been "fruitless," suffices to meet alien's burden); Khan v. Fasano, 194 F.Supp.2d 1134, 1136-37 (S.D. Cal. 2001) (where alien has been in post-removal order custody for ten months, and meeting is scheduled with destination country to discuss request for travel documents, delay alone is not sufficient to meet alien's burden; however, alien granted leave to refile petition

In addition, in assessing whether an alien has made the required showing, it must be remembered that, while the Supreme Court in Zadvydas emphasized that the expiration of the six-month presumptively-reasonable period of detention did not mandate release, it also stated that, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely shrinks."  533 U.S. at 701.

Here, the passage of less than six months' time, with no other facts suggesting a particular barrier to removal, fails to meet Petitioner's burden.  Because Petitioner's custody, at the time he filed the Petition, was presumptively reasonable under Zadvydas, this Court need not consider whether the government's post-Zadvydas-period custody review procedures are constitutional.

### IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

_____
Peter G. Sheridan
United States District Judge

Dated: 11/22/10

in six months' time if his removal has not then been effectuated); Okwilagwe v. INS, 2002 WL 356758 (N.D. Texas March 1, 2002) (passage of eleven months without action by destination country sufficient to meet alien's burden, even where destination country orally promised travel documents "in a few days," but failed to provide them over period of two months).